MERCIEN & SEARS *v.* HALEY COTTON.

BILLS AND NOTES: BONA FIDE HOLDER OF NOTE PAYABLE TO BEARER, NOT AF-
FECTED BY EQUITIES BETWEEN THE ORIGINAL PARTIES.—The *bonâ fide* holder,
for value, and without notice, of a promissory note payable to bearer, is not
affected by any equities between the original parties thereto. See *Craig* v. *The
City of Vicksburg*, 31 Miss. R. 243 ; *Stokes* v. *Winslow*, Ib. 518.

IN error from the Circuit Court of Leake county. Hon. E. G. Henry, judge.

*H. A. H. Lawson*, for plaintiffs in error.

*Davis* and *Hill*, for defendant in error.

SMITH, C. J., delivered the opinion of the court.

This was an action upon a promissory note, made by the defendant in error, payable to Temperance Skinner, or bearer, and by her transferred, by delivery, to D. Williams & Co., who assigned it, for a valuable consideration, to the plaintiffs in error. The note was dated, May the 12th, 1845, and payable on the 1st of January, 1847. The assignment, from Williams & Co., to plaintiffs in error, bears date the 15th of July, 1845.

The defence relied on, was an entire failure of consideration in the note. The plaintiffs replied, in the answer, setting up this defence, and the defendant demurred to the replication. The demurrer was sustained, and the plaintiffs declining to plead over, judgment

final was entered for the defendants; to recover which, this writ of error is prosecuted.

The note sued on in this case, was payable to bearer, and was assigned for a valuable consideration before it became due. The principle, therefore, recognized, by this court, in *Craig* v. *The City of Vicksburg*, 31 Miss. Rep. 243, is decisive of this case. The alleged want or failure of consideration was no defence to the action. The demurrer, therefore, should have been applied to the defendant's answer, and the proper judgment pronounced.

The judgment is reversed, and judgment of *respondeat ouster* ordered to be entered in the court below.